IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DANIEL W. TAYLOR, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | CV 315-064 |
| ) | |
| CHARLES PANNELL, JR., ) | |
| Federal Judge; LINDA T. WALKER, ) | |
| Federal Judge; JON F. HELTON, ) | |
| State Judge; DONALD W. GILLIS, ) | |
| State Judge; FNU FLANDERS, State Judge; ) | |
| CYNTHIA BECKER, State Judge; ) | |
| MICHAEL D. JOHNSON, State Judge; ) | |
| TODD MARKLE, State Judge; ) | |
| KIMBERLY E. ADAMS, State Judge; ) | |
| GREGORY ADAMS, State Judge; ) | |
| BRAD HOOKS, Warden; NATHAN ) | |
| DEAL, Governor, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Johnson State Prison in Wrightsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 3) and that this action be **DISMISSED** without prejudice.

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. The Complaint Should Be Dismissed Because Plaintiff Has Three Strikes Under § 1915(g).

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Taylor v. Lecraw, 1:10-CV-0987-CAP (N.D. Ga. Apr. 21, 2010) (dismissed for failure to state a claim); (2) Taylor v. Jackson, 1:09-CV-1894-CAP (N.D. Ga. July 30, 2009) (dismissed as frivolous); and (3) Taylor v. Public Defenders Office,

1:08-CV-3600-CAP (N.D. Ga. Dec. 10, 2008) (dismissed for failure to state a claim).  All of these previous cases qualify as strikes under § 1915(g) because they were dismissed as frivolous or for failing to state a claim.  Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception to § 1915(g).

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  Here, Plaintiff's complaint alleges that Judge Michael D. Johnson conspired to "commit treason against the United States Constitution," by "vouch[ing]…on…perjured testimony."  (Doc. no. 1, p. 2.)  Much of the complaint is concerned with trial proceedings where the Plaintiff alleges perjury by Sergeant Wesley Carmack, with assistance by Judge Johnson.  (Id., at p. 2-9)  It is not until the "Relief" section of the complaint where any semblance of imminent danger can be found.  (Id., p. 10)  Here, Plaintiff asserts that "respondent" is attempting to "kill him" by denying him his Geodon and forcing him to take a medicine to which he is allergic.  (See id.)  Yet, the accusations of murderous intent are leveled at a "Tracy Jefferson and Cherie Price," and not Judge Johnson, nor any other defendant named in the complaint.  (Id.)

These allegations are of the ilk which other courts in receipt of numerous filings from Plaintiff have characterized as "fanciful and consistent with his other frivolous filings."  See e.g., Taylor v. U.S. Attorney Gen., 1:13-CV-212-CAP, doc. no. 3, p. 3 (N.D. Ga. Jan. 31, 2013),

3

*adopted by* doc. no. 5 (N.D. Ga. Feb. 20, 2013) (providing a pattern of frivolous and fanciful filings by the Plaintiff). Plaintiff has not plausibly alleged he is in imminent danger of serious physical injury. See Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ."); Neitzke v. Williams, 490 U.S. 319, 325-28 (1989) (noting that it is proper to dismiss complaints grounded in "fanciful factual allegation[s]" and "claims describing fantastic or delusional scenarios"); Gillilan v. Paul, No. CV 608-051, 2008 WL 2942100, at *2 (S.D. Ga. July 29, 2008) ("utterly fanciful" allegations do not place a prisoner with three strikes within 1915(g)'s imminent danger exception).

Plaintiff's allegations of a state-wide conspiracy to commit treason against the United States by federal and state judges, conspiracy to commit perjury by Judge Johnson, and intent to commit murder by prison officials, do not support a plausible finding that he is in imminent danger of serious physical injury. These allegations can be properly characterized as factually frivolous in that they are irrational and delusional. Neitzke, 490 U.S. at 325-28. None of the allegations plausibly establish that Plaintiff was in any real imminent danger when he filed his complaint on July 29, 2015. Medberry, 185 F.3d at 1193. Plaintiff, "a frequent filer who is very aware of 1915(g)'s imminent danger exception, is precisely the type of litigant for whom the three strikes rule was designed." Gillilan, 2008 WL 2942100, at *2. Thus, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 3) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 12th day of August, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA